**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **SALVADOR ANTONIO CRUZ LEMUS,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-2158-SLP** |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| **Respondents.** | ) | |

# REPORT AND RECOMMENDATION

Petitioner Salvador Antonio Cruz Lemus, a noncitizen[1] and Honduran national proceeding pro se, filed a Petition for Writ of Habeas Corpus, Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). Chief United States District Judge Scott L. Palk referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 4. The undersigned set a briefing schedule, Doc. 5, and the Petition is at issue. For the reasons below, the undersigned recommends that the Court deny the Petition.

## I. Background

Petitioner, a citizen of Honduras, entered the United States approximately 23 years ago. Pet. at 10. Local law enforcement pulled him over for a traffic stop on July 29, 2026, and detained him overnight without providing him with a warrant. *Id.* The next day, ICE

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

arrested him and took him into federal custody. *Id.*; Doc. 7-2 at 1 (Warrant for Arrest of Alien). ICE also initiated removal proceedings against him through issuance of a Notice to Appear. *See* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last visited Nov. 20, 2026).

Respondents acknowledge Tenth Circuit precedent, *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), means Petitioner is detained under 8 U.S.C. § 1226. Resp. at 1. On September 21, 2026, Petitioner received a bond hearing before an Immigration Judge ("IJ"). Doc. 11 at 1. After the hearing, the IJ issued a written order denying bond because Petitioner "failed to establish that he d[id] not present a significant risk of flight." Doc. 11-1 at 1 (Order of IJ). Specifically, the IJ considered Petitioner's "favorable equities": "approximately 23 years of residence in the United States, four United States citizen children, a claimed fixed address in Houston, Texas, claimed self-employment, a proposed sponsor in Houston, and several letters of support." *Id.* But the IJ found these factors "outweighed by significant concerns" from "insufficient evidence substantiating [Petitioner's] claimed employment or earnings, payment of taxes, or lawful employment authorization" and "insufficient evidence establishing the nature of [his] relationship with the proposed sponsor or substantiating the claimed Houston residence through ownership, a lease, or similar documentation." *Id.* Finally, the IJ identified a lack of a "demonstrated history of attendance at immigration proceedings" and "no application for relief from removal that would provide a demonstrated incentive to appear for future proceedings." *Id.*

On October 21, 2026, an IJ granted voluntary departure to Petitioner. *See* EOIR, *supra*. Any appeal to the Board of Immigration Appeals is due by today, November 20, 2026. *See* EOIR, *supra*. When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma. Pet. at 1. He remains detained there. *See* ICE Online Detainee Locator System, at https://locator.ice.gov/odls/#/results (last visited Nov. 20, 2026).

## II. Petitioner's Claims

Petitioner asserts three counts in his Petition.

- **Count I: Violations of Due Process and 8 C.F.R. § 241.4(i).** Petitioner alleges ICE placed him into mandatory detention without "notification of the reason for revocation" or being provided "an initial informal interview to respond to the revocation." Pet. at 7.

- **Count II: Violation of the Immigration and Nationality Act ("INA").** Petitioner alleges his continued detention violates 8 U.S.C. § 1226(a) because ICE wrongly detained him under 8 U.S.C. § 1225(b)(2)(A) and did not provide him "with an individualized bond hearing." Pet. at 7; *see also id.* at 10.

- **Count III: Violation of the INA.** Petitioner alleges ICE violated § 1226(a) by initially detaining him without "an arrest warrant issued and signed by an Attorney General." Pet. at 7. He alleges ICE provided an arrest warrant only on the day after his initial arrest. *Id.*; *see also* Reply at 1-2.

Petitioner asks the Court to "order[] Respondents to grant [him] immediate release." Pet. at 8 (citation modified).

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas."

*Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

**IV. Analysis**

**A. It is undisputed § 1226(a) applies to Petitioner's detention.**

The two sections of the INA that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1226(a) generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))). Respondents acknowledge Petitioner is entitled to a bond hearing. Resp. at 1-2.

The Tenth Circuit recently confirmed § 1226(a) applies to govern detention of noncitizens like Petitioner. *Santillan Quiroz*, 180 F.4th at 1235-49. The Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at 1239 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. Based on Tenth Circuit precedent and Respondents' acknowledgment of its application, the Court should apply § 1226(a) to govern Petitioner's current detention. *See Kumar v. Mullin*, No. CIV-26-689-SLP, 2026 WL 1960943, at *1 (W.D. Okla. July 7, 2026) (holding in accordance with

*Santillan Quiroz* that a similarly situated petitioner was entitled to a bond hearing under § 1226(a)).

**B. The most Petitioner is entitled to is a bond hearing, and such a hearing already occurred.**

Petitioner seeks release. Pet. at 8; Reply at 4; Doc. 12 at 2. Consistent with this Court's recent approach, the undersigned would typically recommend Petitioner be afforded a constitutionally sufficient, individualized bond hearing under § 1226(a). As stated by Judge Russell: "Petitioner is entitled to the custody procedures provided by [§ 1226(a)]," and "the statute provides the Department of Homeland Security the discretion to either detain a noncitizen or release the noncitizen on bond." *Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at *1 (W.D. Okla. Apr. 8, 2026) (citation modified). As such, "an individualized custody redetermination hearing would provide Petitioner with the process he is due under the statute." *Id.* (citation modified).

Petitioner, though, recently received a bond hearing. On September 26, 2026, "after full consideration of the evidence presented" and based on "the record as a whole," an IJ denied bond to Petitioner following a hearing held a few days earlier. Doc. 11-1 at 1 (citation modified). Because Petitioner already received the procedures provided by § 1226(a)—an individualized bond hearing by an IJ—he is not entitled to additional relief, and the Court should deny his Petition.[2]

[2] Petitioner does not challenge the IJ's discretionary determination of bond. *See* Doc. 12 at 1-2 (stating, in a filing by Petitioner after the IJ issued his bond ruling, that he is challenging "the violations committed by DHS/ICE at the time of [his] arrest and continued unlawful mandatory detention" (citation modified)). Nor could he. The

**C. The Court should deny Petitioner's due process claim.**

Petitioner argues his continued detention violates his rights to due process. Pet. at 7. If the Court adopts the undersigned's recommendation that Petitioner is not entitled to any additional relief under the INA, the Court should deny his claim alleging a violation of due process rights because, at most, he would only be entitled to relief in the form of a bond hearing—which he already received. *See, e.g.*, *Karimov*, 2026 WL 950130, at *1; *Singh v. Mullin*, No. CIV-26-601-SLP, 2026 WL 1661971, at *3 (W.D. Okla. June 9, 2026) (declining to decide the merits of a petitioner's additional due process claim when adopting the recommended relief of a bond hearing under § 1226(a)). To the extent Petitioner argues he is entitled to release because he was subject to parole or other release that was wrongly "revo[ked]," Pet. at 7, he does not provide sufficient information to establish such relief. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (ordering a bond hearing but not release because petitioner had not provided the Court with sufficient evidence to establish entitlement to release).

---

determination of bond under § 1226(a) is within the purview of the IJ, who considers whether a noncitizen is a flight risk or a danger to the community under 8 C.F.R. § 236.1(c). And 8 U.S.C. § 1226(e) "strips federal courts of jurisdiction to hear challenges to an IJ's discretionary decision to keep a noncitizen in detention." *Nucamendiz v. Hyde*, No. 25-CV-13851, 2026 WL 221449, at *1 (D. Mass. Jan. 28, 2026) (citation modified); *see also Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012) (citing § 1226(e) and indicating "the Attorney General's exercise of discretion [through IJs regarding detention] is not subject to judicial review"). "Thus, a district court has no jurisdiction to consider a habeas petitioner's challenge to the decision to either grant or deny bond." *Kumar v. De Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026).

### D. Petitioner's warrantless arrest claim does not warrant relief.

Petitioner also asserts ICE violated the INA because he was not "present[ed with] an arrest warrant." Pet. at 7. A noncitizen may only be arrested and detained "on a warrant issued by the Attorney General." 8 U.S.C. § 1226(a) (citation modified).[3] However, Respondents submitted a copy of the warrant dated July 30, 2026—the same day Petitioner was transferred to ICE custody and served with the warrant. Doc. 7-2 at 1; Pet. at 10. Petitioner does not demonstrate any deficiency in the administrative warrant for immigration detention.

Instead, Petitioner appears to fault *federal* officials for not providing a warrant before he was taken into *state* custody. *See* Pet. at 10 (explaining Petitioner was detained by "a sheriff in Oklahoma" and "transported . . . to the sheriff headquarters" on July 29, 2026, then "transport[ed] . . . the next day"—i.e., July 30, 2026—"to an immigration office" (citation modified)); *see also* 8 U.S.C. § 1226(a) (only addressing actions by federal officials). Petitioner has not offered sufficient evidence to show he was in ICE custody before getting served with the I-200 warrant on July 30, 2026. *Cf. Paulino v. Connery*, 766 F. Supp. 209, 212 (S.D.N.Y. 1991) ("Only when [a noncitizen] is released from state custody into the custody of [ICE], pursuant to the detainer lodged against him, can . . . . custody determinations . . . be made or deportation hearings beg[in]." (addressing 8 U.S.C.

[3] That § 1226(a) requires the warrant be "issued by the Attorney General" does not mean the Attorney General must, himself, sign every warrant, as Petitioner implies, Reply at 2. *See* 8 C.F.R. §§ 236.1(b)(1), 287.5(e)(2).

§ 1252 and whether removal proceedings can begin before transfer of a noncitizen from state custody to federal custody after a state conviction)).

Even if Petitioner established a warrantless arrest by ICE one day before a warrant was issued, the predominant remedy in this District is a bond hearing (which he already received)—not immediate release. *See Perdigon v. Gantt*, No. CIV-26-949-R, 2026 WL 2428826, at *2 (W.D. Okla. Aug. 19, 2026) (concluding a petitioner's "warrantless arrest does not merit his immediate release" where a warrant and Notice to Appear had been issued and the petitioner already had two bond hearings). Here, Petitioner has similarly received a Notice to Appear and had a bond hearing. *See also Ziiadullaev v. Lyons*, No. CIV-26-1237-D, 2026 WL 2827125, at *1 (W.D. Okla. Sep. 21, 2026) (concluding "the relief warranted" for a warrantless arrest "is a bond hearing pursuant to § 1226"); *Madzhnunov v. Grant*, No. CIV-26-699-PRW, 2026 WL 2390750, at *1 (W.D. Okla. Aug. 17, 2026) (ordering a bond hearing under § 1226(a) and "reserv[ing] a ruling on Petitioner's remaining claims," including a warrantless-arrest challenge). *But see Aguilar-Huanga v. Figueroa*, No. CIV-26-115-J, 2026 WL 821474, at *3 (W.D. Okla. Mar. 25, 2026) (ordering immediate release with order of supervision for noncitizen detained under § 1226(a) where his "arrest was warrantless").

As such, the Court should deny relief on Petitioner's warrantless arrest claim.

## V. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DENY** without prejudice the Petition, Doc. 1, for habeas relief.[4]

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **December 4, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **December 11, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 20th day of November, 2026.

Chris M. Stephens

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

[4] Any appeal to Petitioner's voluntary departure is due today. *See* EOIR, *supra*. The parties have not provided to the Court a copy of the IJ's voluntary departure order. Respondents shall advise the Court of any "relevant update" "that may impact the disposition of the Petition," Doc. 5 at 2, including Petitioner's removal or any alternate order of removal that may take effect if he does not depart before the deadline set by the IJ.